COMMONWEALTH *vs.* FERDENANDO RADOCCHIA.

Middlesex.    January 17, 1910. — May 16, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY,
SHELDON, & RUGG, JJ.

*Intoxicating Liquors.    Carrier.*

*It seems,* that in St. 1906, c. 421, § 1, which provides that "No person or corpora-
tion, except a railroad or street railway corporation, shall, for hire or reward,
transport spirituous or intoxicating liquors into or in a city or town in which
licenses of the first five classes for the sale of intoxicating liquors are not granted,
without first being granted a permit so to do" as thereinafter provided, there is
nothing which forbids a liquor dealer licensed and doing business in a city where
licenses of all classes are granted from delivering, without any charge for trans-
portation, to his customers in another city or town in which licenses of the first
five classes are not granted the goods which he lawfully has sold to them, if he
does this in good faith without receiving directly or indirectly in the price of the
goods any hire or reward for their carriage, and, if he is prosecuted for an
alleged violation of the statute, it is a question for the jury whether he has
received in the price of the liquor sold any hire or reward for its carriage.

St. 1906, c. 421, § 1, provides as follows : "No person or corporation, except a rail-
road or street railway corporation, shall, for hire or reward, transport spirituous
or intoxicating liquors into or in a city or town in which licenses of the first five
classes for the sale of intoxicating liquors are not granted, without first being
granted a permit so to do as hereinafter provided." At the trial of a complaint
under this statute it appeared that the defendant was the servant of a licensed

liquor dealer in a city where licenses of all classes were granted and was transporting intoxicating liquor for delivery in a city where licenses of the first five classes were not granted, and that the defendant did not have a permit granted under the statute. It further appeared that the defendant's employer agreed to deliver all goods free of charge in the city where the defendant was making the delivery, that the tag on the package containing the liquor was marked " Paid " with the purchaser's name and that at the top was written " No charge made for delivery." The defendant received regular wages for performing all his duties, which included the delivery of intoxicating liquors in the city where this delivery was being made and also included work about his employer's place of business in the city where licenses of all classes were granted and the delivery of intoxicating liquors in various parts of that city. *Held*, that the wages paid to the defendant for all the services rendered by him to his employer could not be said as matter of law to be a hire or reward for the carriage of the liquors into the city where licenses of the first five classes were not granted merely because those services incidentally included the transportation and delivery of liquors to their purchasers in such city, and that the question whether the defendant had violated the statute was for the jury. What rule would be applied in a case where it appeared that the servant was hired or paid exclusively or even principally for the purpose of making such deliveries was not considered.

COMPLAINT received and sworn to in the First District Court of Eastern Middlesex on September 13, 1909, under St. 1906, c. 421, § 1, charging the defendant with the illegal transportation of liquor into the city of Malden on September 11, 1909.

At the trial in the Superior Court before *Morton*, J., it was agreed that the city of Malden was a city in which licenses of the first five classes for the sale of intoxicating liquors were not granted, within the meaning of St. 1906, c. 421, § 1.

The defendant was the employee of one Marotto, a licensed liquor dealer in the city of Boston. As a part of the defendant's duties while in the employ of Marotto he was required to deliver liquor in the city of Malden, using a team owned by Marotto to carry the liquor. His other duties were to work about Marotto's place of business in Boston and to drive a team of Marotto, delivering liquor in various parts of Boston. The defendant received regular weekly wages from Marotto for performing all of his duties, including the delivery of liquor into the city of Malden.

Marotto had a sign in his store in Boston which said substantially, " All goods delivered free to Malden." The tags upon the cases and barrels of liquor were marked " Paid " with the consignee's name, and at the top was written " No charge made for delivery."

At the time of seizure, the defendant was conveying liquor under above conditions in the city of Malden. It was agreed that the defendant did not have a permit granted under St. 1906, c. 421.

The judge instructed the jury in part, as follows : " There is no dispute in this case that the defendant was hired by one Marotto and paid wages by said Marotto. His duties have been described to you, and as a part of them he delivered. goods into the city of Malden. I instruct you then, as a matter of law, that if you find this to be so, then the receiving of wages from Marotto would be hire and reward for the transportation of liquors into the city of Malden."

The jury returned a verdict of guilty; and the defendant alleged exceptions to the instruction given by the judge in the portion of his charge quoted above.

The case was submitted on briefs at the sitting of the court in January; 1910, and afterwards was submitted on briefs to all the justices.

*S. Parsons, H. A. Bowen & E. C. Jacobs*, for the defendant.

*J. J. Higgins*, District Attorney, for the Commonwealth.

SHELDON, J. In the opinion of the majority of the court the instructions to the jury cannot be sustained. The provision of the statute is that " no person or corporation, except a railroad or street railway corporation, shall, for hire or reward, transport spirituous or intoxicating liquors into or in a city or town in which licenses of the first five classes for the sale of intoxicating liquors are not granted, without first being granted a permit so to do as hereinafter provided." This plainly means hire or reward to be given to the carrier for the carriage.

If the seller himself delivers the goods, he may be convicted under the statute if he receives such hire or reward for the carriage. If he agrees to deliver the goods free of charge for the carriage, it doubtless will be a question for the jury whether this is actually done, or whether he really receives a hire or reward for the carriage by its being included in the price charged for the liquors themselves; but there is nothing in this statute which forbids him from delivering to his customers in another town the goods which he has sold to them, if he really in good faith does this without receiving, either directly

or indirectly in the price of the goods, any hire or reward for the carriage. It will always be for the jury, even though the price charged for the liquors is not made different for different distances, to say whether that price does not really include a charge for delivery, based perhaps upon what is expected to be the average cost of all the deliveries that will be made.

Whatever the seller may do himself he may do through his hired servant. In such a case the wages paid to that servant for all the services to be rendered by the latter cannot be said to be a hire or reward for the carriage of liquors, merely because those services may incidentally include the duty of carrying the liquors and delivering them to the purchasers thereof. We need not consider how this would be if it appeared that the servant was hired and paid exclusively or even principally for the purpose of making such deliveries. See *Commonwealth* v. *Intoxicating Liquors*, 172 Mass. 311, 315, 316.

It is to be presumed, as has been suggested by the district attorney, that full instructions were given to the jury on all other points; but that cannot cure the error in the instruction that was given.

*Exceptions sustained.*